**Alfredo Zavala CABELLO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75244.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 [*].

Filed April 20, 2007.

Alfredo Zavala Cabello, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, CLIFTON and BEA, Circuit Judges.

MEMORANDUM [**]

Alfredo Zavala Cabello seeks review of an order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's order denying his application for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that Zavala Cabello failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

Zavala Cabello contends that his attorney and the IJ precluded his daughter from testifying at the hearing. The record does not support this contention. In any

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

event, Zavala Cabello failed to demonstrate that additional testimony would have affected the outcome of the proceedings. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**